7 F.3d 415
 38 Fed. R. Evid. Serv. 23
 Paul W. NIPPER, Jr.; R. Bruce Ford, individually, and as a
Beneficiary of the Profit Sharing Plan and Pension Plan of
Psychiatric Associates, P.A.; Jeffrey R. Mellom; M. P.
Norungolo, Plaintiffs-Appellees,
v.
John T. "Ted" SNIPES, Defendant-Appellant, and Diane K.
Snipes; Financial Services Advisory,
Incorporated, Defendants.
 No. 92-1371.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 3, 1992.
Decided Oct. 21, 1993.
 
 Larry Dean Estridge, Wyche, Burgess, Freeman & Parham, P.A., Greenville, SC, argued for defendants-appellants.
 John Patrick Freeman, Columbia, SC, argued (James R. Gilreath, Greenville, SC, on brief), for plaintiffs-appellees.
 Before ERVIN, Chief Judge, and WIDENER and NIEMEYER, Circuit Judges.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 This case presents the question of whether judicial findings of fact entered in state court in a different case involving some of the same parties were properly admitted into evidence by the district court. Because we are of opinion that the district court abused its discretion in admitting the evidence, we vacate the judgment of the district court and remand for a new trial.
 
 I.
 
 2
 This controversy arises out of the civil jury trial of John T. "Ted" Snipes and Diane Snipes on causes of action related to the sale of limited partnership interests in real estate partnerships. The causes of action presented to the jury for its decision included breach of fiduciary duty, common law fraud, civil RICO violations, constructive fraud, and civil conspiracy. The jury found Mrs. Snipes innocent of any wrongdoing, but held her husband liable on the breach of fiduciary duty and common law fraud causes of action.
 
 
 3
 During the course of the trial, counsel for the plaintiffs[1] introduced into evidence, over defendants' objection, Plaintiff's Exhibit 20, an order entered in the Court of Common Pleas of Greenville County, South Carolina in a case concerning a different real estate partnership and in which Nipper was a plaintiff and Ted Snipes was a defendant. The order included South Carolina Circuit Judge Frank P. McGowan, Jr.'s findings of fact in the case. Portions of the findings of fact were read to the jury by plaintiffs' counsel during the direct examination of plaintiff Nipper. The portions of Judge McGowan's order that plaintiffs' counsel read to the jury repeatedly referred to factual findings of misrepresentations made by Ted Snipes, Snipes's failure to disclose material information, and Snipes's participation in a civil conspiracy, as well as findings that Mrs. Snipes had knowingly filed false affidavits in the case.
 
 
 4
 Plaintiffs' counsel justifies the introduction of the order by stating that he needed it to establish an ongoing conspiracy for the civil conspiracy causes of action. At the end of the direct examination of Nipper, the district court instructed the jury that the order was admitted only for the purpose of showing a conspiracy involving Ted Snipes, and the court reminded the jurors of the limiting instruction during the jury charge. The jury found for the defendants on the conspiracy causes of action.
 
 
 5
 On appeal, Snipes argues that, although the civil conspiracy causes of action were found in his favor, the order was inadmissible hearsay, and the admission of the order into evidence and its publication to the jury caused unfair prejudice to him and resulted in his liability on the breach of fiduciary duty and common law fraud causes of action.[2] Plaintiffs argue that the order fits within the public records exception of Rule 803(8)(C) of the Federal Rules of Evidence.
 
 II.
 
 6
 We note at the outset that Judge McGowan's order, as used in the context of this case, is hearsay evidence, under Fed.R.Evid. 801(c), which is not admissible unless it falls within one of the exceptions mentioned in the Federal Rules of Evidence, see Fed.R.Evid. 802. Rule 803 provides:
 
 
 7
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 
 
 8
 ....
 
 
 9
 (8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.
 
 
 10
 Fed.R.Evid. 803(8)(C). Plaintiffs argue that the order properly was admitted as a public record or report under Rule 803(8)(C). Plaintiffs devote much of their argument to an attempt to show that defendant did not make a showing that the record was not sufficiently trustworthy or authentic. Plaintiffs' arguments assume, however, the very issue in this case, which is whether the order is admissible in any event under Rule 803(8)(C).
 
 
 11
 Rule 803(8)(C), on its face, does not apply to judicial findings of fact; it applies to "factual findings resulting from an investigation made pursuant to authority granted by law." Fed.R.Evid. 803(8)(C). A judge in a civil trial is not an investigator, rather a judge. In fact, a review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule to relate to findings of agencies and offices of the executive branch. See Advisory Committee's Note, 56 F.R.D. 183, 311-313; see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F.Supp. 1125, 1185 (E.D.Pa.1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within the executive branch."). There is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact.
 
 
 12
 We note that at common law a judgment from another case would not be admitted. 5 John H. Wigmore, Wigmore on Evidence § 1671a (James H. Chadbourn rev. 1974); 1 McCormick on Evidence § 298 (John W. Strong ed., 4th ed. 1992); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence p 803(22) (1993). We also note that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly. See Fed.R.Evid. 803(22) (previous conviction); Fed.R.Evid. 803(23) (personal history, etc., boundaries). Therefore, we can find no basis on which to imply that Rule 803(8)(C) applies to judicial findings of fact.
 
 
 13
 Further, our decision comports with sound judicial policy. In circumstances similar to those in this case such evidence should be excluded under Fed.R.Evid. 403. This is because judicial findings of fact "present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." Zenith, 505 F.Supp. at 1186; cf. Greycas, Inc. v. Proud, 826 F.2d 1560, 1567 (7th Cir.1987) ("A practical reason for denying [judgments] evidentiary effect is ... the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present. The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment."), cert. denied, 484 U.S. 1043, 108 S.Ct. 775, 98 L.Ed.2d 862 (1988).
 
 
 14
 Plaintiffs argue that the error the district court made in admitting the order was, in any event, harmless. We do not agree. The same concerns about a jury's ability to refrain from placing great weight on a judge's findings apply equally in determining whether the error was harmless. It is true that the district court tried to limit the prejudicial effect of the order by giving limiting instructions. However, the order read to the jury repeatedly referred to factual findings of fraud on the part of Snipes as well as finding that his conduct amounted to a breach of fiduciary duty, and that he failed to disclose serious financial irregularities. Although we may, as we frequently do, credit the jury with following instructions, in a case such as this one in which the nature of the inadmissible evidence is so flagrantly prejudicial, we cannot say that the error was harmless. Therefore, we reject that argument.
 
 III.
 
 15
 We are of opinion that judicial findings of fact are not public records within the meaning of Rule 803(8)(C) of the Federal Rules of Evidence and therefore hold that the district court abused its discretion in admitting Judge McGowan's findings of fact at trial.
 
 
 16
 Accordingly, we vacate the judgment of the district court and remand for a new trial.
 
 
 17
 VACATED AND REMANDED.
 
 
 
 [1]
 To avoid confusion we will refer to the appellant and appellees as defendant and plaintiffs, respectively. We also note that there was an additional defendant, Mrs. Snipes, in both the state trial and the district court trial; accordingly, when appropriate we may refer to Ted Snipes and Mrs. Snipes collectively as defendants
 
 
 [2]
 Snipes also raises two other issues in his appeal concerning the jury charges. Because of our disposition of his claim with respect to evidence, we do not reach these issues