

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2002

# Intl Land v. Fausto

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Intl Land v. Fausto" (2002). *2002 Decisions.* Paper 370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 01-2386


INTERNATIONAL LAND ACQUISITIONS, INC.
Appellant

v.

NICHOLAS M. FAUSTO, ESQUIRE


On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 99-cv-05308)
District Judge:  Honorable Robert F. Kelly


Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2002

BEFORE: AMBRO, STAPLETON and CUDAHY,* Circuit Judges,

(Opinion Filed:   July 2, 2002)


OPINION OF THE COURT

_____

*Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit,
sitting by designation.
 STAPLETON, Circuit Judge:


        Plaintiff/Appellant International Land Acquisition ("ILA") brought this
legal malpractice diversity action against Defendant/Appellee Nicholas A. Fausto.
According to ILA, Fausto negligently represented ILA's interest in a state court case
involving a judgment by confession.  The District Court held a jury trial in the
malpractice case.  At the close of ILA's case, Fausto moved for judgment as a matter of
law under Rule 50, which the District Court granted.  ILA appeals that decision and the
District Court's refusal to admit into evidence the state court's opinion declining to
reopen the confessed judgment.
                                I.
        ILA executed a Surety Agreement for a promissory note that provided in
part:

                Surety, and each of them if more than one, hereby irrevocably
        authorizes and empowers any attorney or Prothonotary or
        Clerk for any court of record, with or without declaration
        filed, to appear for and confess judgment against Surety, or
        any of them, for such sums for which Surety is or may
        become liable to Lender . . . .

Supp. App. at 177.  Pursuant to that provision, on May 9, 1996, Madison Bank confessed judgment against ILA in the amount of $200,000.

In May or June of 1996, ILA hired Fausto to file a petition to strike or open the judgment on the grounds that the signatures to the Surety Agreement were not authorized or were obtained by fraud.  On September 30, 1996, Fausto filed the petition with the Court of Common Pleas, Montgomery County, Pennsylvania on ILA's behalf.  Madison Bank filed a response on October 28, 1996.  On November 1, 1996, the state court entered an order directing discovery to be conducted within sixty days.  On December 3, 1996, following oral argument on the petition, the state court entered an order denying the petition.

On December 13, 1996, Fausto filed a motion for reconsideration on behalf of ILA.  On January 6, 1997, the state court granted the motion for reconsideration and granted ILA an additional sixty days to conduct discovery.

The state court again denied the petition to reopen and ILA timely filed a notice of appeal.  Pursuant to Pennsylvania Rule of Appellate Procedure 1925, on November 28, 1997, the Court of Common Pleas filed an opinion in response to ILA's "statement of matters complained of."

The state court first observed that it could only strike a confessed judgment "where there is a fatal defect or irregularity that appears on the face of the record, and, the confession of judgment clause and Complaint must be read together to determine if such defects exist."  App. at 39 (citing Parliament Industries Inc. v. William H. Vaughan & Co., Inc., 459 A.2d 720 (Pa. 1983)).  The court found that because "ILA failed to allege the existence of any defects present in either the confession of judgment clause or in the Complaint itself, it is clear that this Court properly denied their Petition to Strike. App. at 40.

With regard to the petition to open the confessed judgment, the state court noted that a court should only open a confessed judgment "when the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence that the defense creates an issue for the jury."  The court stated:

> In the instant case, [ILA] did not file its Petitition to Open until more than four and one-half months had passed following entry of judgment, and at no point, either in the petition or at oral argument, did [ILA] provide an explanation for the lengthy delay.  In fact, upon specific questioning by the undersigned as to the reason for the delay, counsel for [ILA] stated only that he had "no response."  As such it is clear that [ILA's] Petition to Open was properly denied as it failed to satisfy or even address the first prerequisite to opening a confessed judgment, thereby rendering moot any alleged issues of material fact raised on appeal.
>
> Nevertheless, this Court will briefly address [ILA's] contention that it has a meritorious defense which warrants opening the confessed judgment . . .  In the instant case, [ILA] did allege the existence of a meritorious defense, i.e., that the signatures on the Surety Agreement were not made by officers of the [ILA], and that those who signed the Agreement were not authorized to do so.  However, despite several Orders directing that discovery be conducted regarding [ILA's] Petition, and [ILA's] own acknowledgment that discovery was necessary to support the factual allegations therein, [ILA] appeared before this Court, notwithstanding said Orders and over 15 months after judgment was confessed, without having conducted any discovery and without offering one shred of evidence in support of its alleged defense.  Incredibly, upon the undersigned's questioning as to why no evidence was presented, counsel for [ILA] again had "no response."

App. at 42-43 (emphasis in original).  On appeal, the Superior Court affirmed the trial court essentially for the reasons provided by it.

II.

ILA filed this suit against Fausto claiming Fausto was negligent in failing to get the confessed judgment open, and that it would have been able to defeat Madison Bank's claim on the merits if Fausto had not been negligent.

The District Court held a trial and ILA presented three witnesses, Robert Tassio, the Secretary of ILA, Robert Glinski, counsel to ILA, and Donald Wellington, President of ILA.

During direct, Tassio testified that the Court of Common Pleas had denied the petition to strike or reopen. When he was asked to explain why the petition had been denied, the District Court sustained an objection and suggested that the parties could stipulate as to the reasoning behind the state court's decision to deny the petition to open the confessed judgment. ILA then attempted to have Tassio read a portion of the decision. Specifically, ILA requested that Tassio read the portion quoted above that contains the court's finding that Fausto had "no response" to its questioning about the delay in filing the petition and the delay in taking discovery. Fausto's counsel again objected. The following interchange took place:

> Mr. Bredt (ILA's counsel): Q: Mr. Tassio, could you take a look at that opinion, please. And beginning at the bottom of Page 5, could you read what the court has stated there?
>
> Mr. Lefco (Fausto's counsel): Objection, your Honor.
>
> The Court: Why? This isn't the same as what he was asking him before.
>
> Mr. Lefco: Well   your Honor, this   I   that's a hearsay   this is a hearsay declaration, this is an out-of-court statement by persons being offered for the truth of the matter stated.
>
> It doesn't matter for purposes   I would submit   of this case, what the court said, other than the fact that Mr. Fausto's   the petition that he filed on behalf of ILA was denied.
>
> Mr. Bredt: May I respond, your Honor?
>
> The Court: Yes.
>
> Mr. Bredt: This is a public record. This is
>
> The Court: What's that mean
>
> Mr. Bredt: Well
>
> The Court:   this is a public record?
>
> Mr. Bredt: Its an opinion of the court. He got it   I mean   anybody could get this opinion, it is a public record and it is a hearsay exception.
>
> The Court: Sustained   objection sustained.

Supp. App. at 47-48. Later, the following conversation took place at a side bar:

> Mr. Bredt: Okay. We're going to stipulate that the Common Pleas Court of Montgomery County denied the petition to open and strike it and that the reason they did it, was because, one, it was filed late, four and a half months after the judgment and, two, that the defendant   Mr. Fausto   on behalf of the defendant did not present any meritorious evidence.
>
> Mr. Lefco: Well, I won't stipulate that Mr. Fausto did or didn't, but I'll stipulate that ILA didn't and then you can argue that   your know   that was his job.
>
> Mr. Bredt: That's fine.

Supp. App. at 153. Mr. Bredt presented this stipulation to the jury.

> Mr. Bredt: It has been stipulated that the Montgomery County Common Pleas Court denied the petition to open or strike judgment, that Mr. Fausto filed on behalf of International Land, that the reasons for the denial were

> twofold, one, it was filed four and a half months after the
> judgment was taken and, therefore, it was filed too late and,
> second of all, the defendant did not present any evidence in
> support of its alleged meritorious defense.
>
> Mr. Lefco: When you say, the defendant, you mean,
> ILA?
>
> Mr. Bredt: Right. And, thirdly, that the Superior Court
> affirmed the denial of the petition by the Montgomery Count
> Common Plays Court.

Supp. App. at 154.

At the close of ILA's case, Fausto moved for judgment as a matter of law under Rule 50. He argued that expert testimony was needed to establish both that he was negligent in filing the petition four and a half months after the confessed judgment and that he could have presented adequate evidence of a meritorious defense. The District Court granted the defendant's motion, holding that "the plaintiff [could not] prevail without the testimony of an expert." Supp. App. at 173.

### III.
### A. Evidentiary Issue

ILA contends that the District Court erred when it decided not to admit into evidence the November 28, 1997, Montgomery County Court of Common Pleas opinion and that this is important despite the stipulation because the opinion evidenced implied admissions of Fausto that he filed the petition late without justification and that he took no discovery.

According to ILA, there are two reasons why this evidence should have been admitted. First, ILA argues that the opinion contains an admission by a party opponent, thus making the statement non-hearsay under Rule of Evidence 801(d)(2). Second, ILA contends that it attached the state court opinion to its complaint and that the defendant's answer to the complaint acknowledges that the opinion speaks for itself. According to ILA, exhibits are permitted to be attached to pleadings and pleadings should be admitted into evidence.

When the District Court applies the appropriate legal standard, evidentiary rulings are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion. See Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995). Further, pursuant to Federal Rule of Civil Procedure 61, errors in the admission or exclusion of evidence cannot be grounds for reversal or a new trial if they constitute harmless error. See id. Finally, when a party fails to timely object to the trial court's evidentiary rulings during the proceedings, those rulings are reviewed under the plain error standard. See id. Notwithstanding these precepts, to the extent that the District Court's admission or exclusion of evidence was based on an interpretation of the Federal Rules of Evidence, we exercise plenary review. See United States v. Furst, 886 F.2d 558, 571 (3d Cir. 1989).

Rule 103(a)(2) of the Federal Rules of Evidence provides that error may not be predicated upon a ruling which excludes evidence unless "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Fed. R. Evid. 103(a)(2). Read literally, this rule tends to suggest that there is no requirement that the offeror state the grounds relied upon for admissibility or that the offer of proof be timely, on the record, or stated with specificity. However, this rule has been applied differently in practice. "If in the trial court the offeror fails to specify any ground for admissibility, or specifies the wrong ground, he is trouble on appeal." Charles Alan Wright and Kenneth W. Graham, Jr., 21 Federal Practice and Procedure  5040 at 210 (1977). A failure to advance a ground for the admission of evidence relegates the offering party to plain error review on appeal. See id.; Fed. R. Evid. 103(d); see also United States v. Gambino, 926 F.2d 1355, 1363 n.6 (3d Cir. 1991) (noting that objecting to testimony on one ground does not preserve other grounds for objection on appeal); United States v. Field, 875 F.2d 130, 134 (7th Cir. 1989) (holding that under Rule 103(a)(1) "[n]either a general objection to the evidence nor a specific objection on other grounds will preserve the issue on review").

At trial, ILA's sole argument for the admissibility of the state court's decision was that it fell within the public records exception to the hearsay rule, Rule

803(8).  That issue is preserved for review and we review the District Court's findings for an abuse of discretion.  For the remaining arguments, we review the District Court's decision for plain error.

This record presents a double hearsay issue.  First, the opinion is an out of court statement offered for the truth of the matter asserted.  The state court judge was not there to testify as to his recollection of Fausto's actions in his courtroom.  This out of court statement thus constitutes hearsay.  Second, the court is recording the verbal or non-verbal response of Fausto. This is also hearsay that is being offered for the truth of what that response is said to admit -- that his filing was untimely and he took no discovery.  ILA must be able to point to an applicable exclusion or exception for each of these levels of hearsay.

ILA cannot cure the initial hearsay problem.  See Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir. 1993) ("Rule 803(8)(C), on its face, does not apply to judicial findings of fact; it applies to 'factual findings resulting from an investigation made pursuant to authority granted by law.' Fed. R. Evid. 803(8)(C). A judge in a civil trial is not an investigator, rather a judge."); United States v. Jones, 29 F.3d 1549, 1554 (11th Cir. 1994) (finding that judicial findings are inadmissible hearsay that cannot be corrected under 803(8)); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F.Supp. 1125, 1185 (E.D. Pa. 1980), aff'd in part and rev'd on other grounds in part sub nom. In re Japanese Elec. Prod. Antitrust Litig., 723 F.2d 238, 275 (3d Cir. 1983), rev'd sub nom. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (concluding that prior judicial findings were not admissible under Rule 803(8)(C), and that the trustworthiness analysis required under Rule 803(8)(C) would be unsuited to evaluating judicial findings because a judge is not a proper witness under Rule 605).

Because ILA cannot overcome the first level of hearsay, we need not reach the question of whether Fausto's statements are an admission of a party opponent.

Finally, ILA provides no support, and we find none, for the proposition that simply attaching the opinion to its complaint against Fausto would make it admissible evidence.

### B.  Rule 50 Motion

Under Rule 50, a District Court may grant judgment as a matter of law if a "party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Fed. R. Civ. P. 50(a)(1).  Our review of a trial court's grant of judgment as a matter of law is plenary.  Mosely v. Wilson, 102 F.3d 85, 89 (3d Cir. 1996).

Under Pennsylvania law, in order to establish a claim of legal malpractice, the plaintiff must show three basic elements:  1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) a causal nexus between the negligence and damage to the plaintiff.  See Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998); Rizzo v. Haines, 555 A.2d 58, 66 (Pa. 1989).  "The standard of care to which an attorney must adhere is measured by the skill generally possessed and employed by practitioners of the profession."  Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).  Plaintiffs must show "proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm."  Kituskie, 714 A.2d at 1030.  To demonstrate that he has suffered actual damages, a plaintiff must "prove that he had a viable cause of action against the party he wished to sue in the underlying case."  Id.  This concept is often referred to as proving the "case within a case."  Id.

In both bench and jury trials, the plaintiff must put on expert testimony to establish the relevant standard of care and whether the defendant complied with that standard.  See Lentino v. Fringe Employment Plans, 611 F.2d 474, 480-81 (3d Cir. 1979) (applying Pennsylvania law); Rizzo, 555 A.2d at 66; see also Gans, 762 F.2d at 342 ("[T]he Letino expert evidence requirement devolves upon the plaintiff, not the defendant.").  Only "where the matter under investigation is so simple, and the lack of skill so obvious, as to be within the range of the ordinary experience and comprehension of non-professional persons," are expert witnesses unnecessary.  Lentino, 611 F.2d at 480.

ILA contends that Fausto was negligent in failing to timely file the petition and in failing to conduct discovery.  It insists that Tassio's testimony regarding the hiring of Fausto to file the petition is enough to overcome the Rule 50 motion on the timeliness

issue. Further, ILA argues that it need not present expert testimony on the discovery issue because Fausto did not conduct any discovery. Lastly, ILA contends that it met the burden of proving the case within the case by the testimony of Tassio and Wellington, which, according to ILA, established the merits of the underlying case. Like the District Court, we find these arguments unpersuasive.

Whether Fausto negligently filed the petition late is to be judged in light of the skill generally possessed and employed by practitioners of the profession. The fact that the state court denied ILA's petition because Fausto filed it late does not establish that he was negligent in doing so. ILA had to put on expert testimony to show how long it would take a reasonable attorney in Fausto's position to investigate the matter and to prepare the necessary petition as well as what a reasonable attorney would have expected a court to regard as an "unreasonable delay." Contrary to ILA's suggestion, these are not matters that a jury should be asked to answer without the help of an expert in the practice of law.

The same is true of the issues raised by the claim of negligence in the failure to take discovery. Lay people should not be asked to determine without expert help what discovery is necessary when the client is claiming that its signature was unauthorized or obtained by fraud.

But even if we assume that ILA could establish malpractice for failure to conduct discovery without expert testimony, it would need expert testimony to demonstrate that it would have won the case within the case if Fausto had not been negligent, a matter that involves the law of suretyship, agency and corporate governance.

Because ILA presented no expert testimony establishing either the standard of care for an attorney or the fact that it would win the case within the case, it failed to meet its burden under the Pennsylvania standard.

IV.

The judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Walter K. Stapleton
Circuit Judg