EnergyNorth v. UGI                    CV-00-500-B    04/03/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>EnergyNorth Natural Gas, Inc.</u>

    v.                                Civil No. 00-500-B
                                      2003 DNH 057
<u>UGI Utilities, Inc.</u>


O R D E R

    UGI Utilities, Inc. ("UGI") has filed a motion in limine

seeking to exclude three documents:  (1) an 1894 article from the

*Daily Philadelphia Stockholder* detailing UGI's relationships with

its subsidiaries; (2) a Securities and Exchange Commission

("SEC") opinion, <u>In the Matter of Manchester Gas Co.</u>, 7 S.E.C. 57

(April 4, 1940), in which the SEC concluded that UGI's

subsidiary, Manchester Gas Company ("MGC"), was subject to UGI's

controlling influence under the Public Utility Holding Company

Act ("PUHCA"), 15 U.S.C. § 79 (1997 & Supp. 2003), <u>et</u> <u>seq</u>; and

(3) the Third Circuit's decision in <u>United Gas Improvement Co. v.</u>

<u>Securities and Exchange Commission</u>, 138 F.2d 1010 (3d Cir. 1943),

which affirmed two decisions of the SEC that required UGI to

divest itself of certain subsidiaries.

I address UGI's challenge to each document in turn.

## I.   *Daily Philadelphia Stockholder* Article

UGI first argues that the *Daily Philadelphia Stockholder* article is irrelevant.  I disagree.  The article offers a detailed description of UGI's relationship with its subsidiaries, including MGC.  As such, it is plainly relevant.

UGI next claims that the article is inadmissible hearsay. Again, I disagree.  Fed. R. Evid. 803(16) provides an exception to the hearsay rule for "[s]tatements in a document in existence for twenty years or more the authenticity of which has been established."  An ancient document is deemed authentic if, as Fed. R. Evid. 901(b)(8) provides, it "(A) is in such condition as to create no suspicion concerning its authenticity, (B) was in a place where it, if authentic, would likely be, and (C) has been in existence 20 years or more at the time it is offered."  "Once a document qualifies as an ancient document, it is automatically excepted from the hearsay rule under Fed. R. Evid. 803(16)." Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1376 (3d Cir. 1991).

The *Daily Philadelphia Stockholder* article plainly qualifies

as an ancient document. It is unquestionably more than 20 years old and UGI has not challenged EnergyNorth's claim that it satisfies the requirements of Rule 901. Moreover, its reliability cannot be seriously questioned as it was created many years before the present controversy arose, it was found in UGI's own files and it appears to have been based on information obtained from sources with no motive to misrepresent the extent of UGI's control over its subsidiaries. Although EnergyNorth has not, because of the article's age, been able to establish through direct evidence that its author was speaking from personal knowledge, this fact alone does not bar the article's admission when, as here, I have no reason to question its reliability. See Fed. R. Evid. 803(16) advisory committee's note (citing with favor Dallas County v. Commercial Union Assurance Co., 286 F.2d 388 (5th Cir. 1961) (upholding admissibility of 58 year-old newspaper article without direct evidence that article was based on personal knowledge); cf. Jack B. Weinstein and Margaret A. Berger, Weinstein's Federal Evidence § 803.18 (2002) ("to be admissible under Rule 803(16), an ancient document must generally be based on the personal knowledge of its author. However, it would usually be impossible to prove personal knowledge after the

lapse of 20 years or more.  Nevertheless, a showing from the circumstances that the declarant could have had requisite knowledge may be required.").  Accordingly, I reject UGI's challenge to the admissibility of the *Daily Philadelphia Stockholder* article.

## II.  SEC Ruling

UGI argues that the SEC ruling is inadmissible because it is irrelevant, its prejudicial effect outweighs its probative value, and it is as inadmissible hearsay.

One of the issues in this case is whether and to what extent UGI controlled the operations of MGC.  While the SEC opinion analyzes the concept of control under the PUHCA and EnergyNorth's claims in this case are based on CERCLA and New Hampshire law, the concept of control is sufficiency similar in both contexts that the SEC's conclusions under the PUHCA are relevant here. Moreover, because these claims will be tried to me rather than to a jury, there is no danger that EnergyNorth will be able to misuse the SEC opinion by attributing greater significance to it than it warrants.  Finally, the opinion plainly satisfies the requirements for admission under the Fed. R. Evid. 803(8) because the SEC's conclusions represent reliable "factual findings

resulting from investigations made pursuant to authority granted by law." Fed. R. Evid. 803(8); see also Lubanski v. Coleco Indus., Inc., 929 F.2d 42, 45-46 (1st Cir. 1991). Thus, I deny UGI's challenge to the admissibility of the SEC opinion.

## III. The Third Circuit Decision

UGI argues that the Third Circuit decision is inadmissible hearsay. I agree. EnergyNorth does not dispute UGI's contention that the Third Circuit decision qualifies as hearsay. The only possible exception to the hearsay rule that may apply in this case, Rule 803(8), does not apply because the exception does not cover judicial fact finding. See Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir. 1993); United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). Accordingly, I grant UGI's motion to exclude the Third Circuit decision.[1]

## CONCLUSION

For the forgoing reasons, I deny UGI's motion in limine to exclude the *Daily Philadelphia Stockholder* article and the SEC

---

[1] EnergyNorth has failed to fully develop its suggestion that UGI is collaterally estopped from denying certain factual determinations made in the Third Circuit opinion. Thus, I decline to address this argument.

-5-

opinion, <u>In the Matter of Manchester Gas Co.</u>, 7 S.E.C. 57 (1940) but grant its motion to exclude the Third Circuit decision, <u>United Gas Improvement Co. v. SEC</u>, 138 F.2d 1010 (3d Cir. 1943) (Doc. No. 53).

    SO ORDERED.


                                _____
                                Paul Barbadoro
                                Chief Judge

April 3, 2003

cc:  Bruce Felmly, Esq.
     E. Tupper Kinder, Esq.