**Anna BROOKS, Plaintiff,**

v.

**Mark SCHULTS, Defendant.**

No. 3:02–CV–375.

United States District Court,
E.D. Tennessee,
at Knoxville.

Aug. 30, 2004.

Philip Lomonaco, Knoxville, TN, for Plaintiff.

Dean B. Farmer, Keith L. Edmiston, Hodges, Doughty & Carson, Knoxville, TN, for Defendant.

## MEMORANDUM AND ORDER

VARLAN, District Judge.

The parties to this civil rights case have requested that the Court make a pretrial ruling on the admissibility of certain evidence. Specifically, the defendant would like to introduce a portion of the transcript of proceedings before the General Sessions Court of Sevier County, Tennessee on September 4, 2001, concerning the criminal charges against the plaintiff. [See Doc. 66.] Notably, the criminal charges arose out of the incident which is the subject of this case. The portion of the transcript proffered by the defendant contains the oral rulings and reasons for those rulings by the General Sessions Court. Because the plaintiff intends to introduce copies of the judgments from the General Sessions Court which indicate that the criminal charges against her were dismissed, the defendant relies on Fed.R.Evid. 106 and contends that introduction of the transcript is required by the rule of completeness to show why those charges were dismissed. [Doc. 65.] At the final pretrial conference on August 26, 2004, counsel for the plaintiff advised the Court of his objection to the introduction of this transcript on the grounds that such evidence is hearsay and because the statements come from a judge, the jury might give the evidence undue weight or prominence.

The Court has carefully reviewed the transcript and considered the parties' positions. The statements of the General Sessions Court are indeed hearsay and are therefore not admissible unless the evidence falls within one of the exceptions to the hearsay rule. Fed.R.Evid. 802. Defendant contends that the evidence is not being offered to prove that the facts discussed by the General Sessions Court are true, but rather it is offered "because it is legally operative language" or, alternatively, to prove the state of mind of the General Sessions Court Judge. [Doc. 65 at pp. 2–3.] The Court is unaware of any exception to the hearsay rule for "legally operative language" and it does not appear that the state of mind of the General Sessions Court Judge will be at issue in this case.

The only potentially applicable hearsay exception is the exception for public records and reports, Fed.R.Evid. 803(8), although the transcript itself does not appear to be a public record but a recording of a public proceeding. However, most courts have agreed that judicial findings of fact do not fall within this exception. See Herrick v. Garvey, 298 F.3d 1184, 1191–92 (10th Cir.2002); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1287–88 (11th Cir.2001); United States v. Jones, 29 F.3d 1549, 1554 (11th Cir.1994); Nipper v. Snipes, 7 F.3d 415, 417–18 (4th Cir.1993).

Moreover, a review of the transcript reveals that the General Sessions Court Judge clearly made certain credibility determinations and judgments about the evidence presented by Officer Schults and the plaintiff. This, of course, is precisely what the jury in this case will be asked to do in assessing plaintiff's claims of excessive force and false arrest. The jury will have to determine whose version of the events is more credible in light of all of the evidence. The Court concludes that allowing the reasoning from the General Sessions Court may unduly influence the jury to adopt that court's credibility determinations, rather than make their own evaluation of the evidence. See Herrick, 298 F.3d at 1192 ("Juries are likely to give disproportionate weight to such findings of fact because of the imprimatur that has been stamped upon them by the judicial system."); U.S. Steel, LLC, 261 F.3d at 1288 (error to urge civil jury to use findings from prior criminal case to make credibility determinations). Accordingly, the Court holds that the transcript of the ruling from the General Sessions Court is inadmissible.

IT IS SO ORDERED.