**UNITED STATES of America,
Appellee,**

v.

**Howard THALER, Defendant–
Appellant.**

**No. 06–1263–cr.**

United States Court of Appeals,
Second Circuit.

April 5, 2007.

See also 2006 WL 1343664.

Gerald L. Shargel, New York, N.Y. (Susan C. Wolfe, Hoffman & Pollok LLP, New York, NY, of counsel), for Appellant.

Elliott B. Jacobson, Assistant United States Attorney for the Southern District of New York, (Michael J. Garcia, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney for the South-

ern District of New York, of counsel), New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[*]

**SUMMARY ORDER**

Defendant-appellant Howard Thaler appeals from a March 9, 2006 judgment convicting him of nine substantive counts of mail fraud, wire fraud, and making false statements, and one count of conspiracy to make false statements and commit mail fraud. The convictions arise from various fraudulent real estate transactions. Familiarity with the facts and procedural history of this case are here assumed. Thaler now raises multiple issues on appeal.

■ *First,* Thaler challenges various evidentiary rulings by the district court. "We review evidentiary rulings for abuse of discretion, and we will vacate a conviction on the basis of an evidentiary ruling only if we conclude that there was a violation of a substantial right." *United States v. Dupre,* 462 F.3d 131, 136 (2d Cir.2006). The FBI agent who overheard Thaler's comment to his attorney was permitted to testify as to what he heard. Attorney-client privilege attaches only to confidential communications, and Thaler indisputably uttered the challenged statement while an FBI agent was sitting at the same table as Thaler and his counsel. The district court also acted well within its discretion in refusing to permit testimony by a proposed defense witness on the grounds that it was not probative and was likely prejudicial.

■ Thaler's third evidentiary challenge is also without merit. During the Government's case-in-chief, the district court permitted the admission of the full text of a New York Appellate Division order barring Thaler from the practice of law. Although no hearsay challenge was raised at trial, we doubt that the disbarment order was properly admissible under Fed. R.Evid. 807 as the Government now contends. As to much of the text of the order, we also question the district court's determinations that the probative value of the order was not "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403; *see Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir.1993).

But any error in the admission of the text of the order was harmless beyond a reasonable doubt. Thaler never contested the facts underlying the crimes charged in the instant case. He admitted that he knowingly falsified loan applications; that he purported to represent several of the buyers in the fraudulent transactions as their counsel even though he was disbarred; and that, when he or his coconspirator had proprietary interests in the properties to be sold, he knowingly did not disclose his conflict of interest. His basic defense that he contemplated no harm was, in this context, one that could not have persuaded any reasonable juror. Moreover, the jury's acquittal of Thaler on the obstruction of justice count belies defense counsel's assertion at oral argument that the admission of the disbarment order improperly tainted Thaler as a "bad man." *See United States v. Stewart,* 433 F.3d 273, 310 (2d Cir.2006).

■ *Second,* Thaler contests the sufficiency of the evidence as to his mail fraud convictions, on the ground that the government failed to demonstrate that he "use[d] ... the mails in furtherance of" his fraudulent scheme. *United States v. Altman,* 48 F.3d 96, 101 (2d Cir.1995); *see* 18 U.S.C.

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

§ 1341. It is sufficient, however, if the mailing is "incident to an essential part of the scheme, or a step in the plot," *Schmuck v. United States,* 489 U.S. 705, 711, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) (internal citations, alteration and quotation marks omitted).

In *Schmuck,* the Supreme Court held that mailings of car titles to the state by a defrauded car retailer on behalf of his buyers were "incident to an essential part" of Schmuck's scheme to defraud those retailers by selling them cars with rolled back odometers. The Court reasoned that, ultimately, the success of Schmuck's fraudulent scheme depended upon his continued relationship with the unwitting dealers, which, in turn, was predicated on those dealers being able to resell the cars. *Schmuck,* 489 U.S. at 711–12, 109 S.Ct. 1443. Here, the evidence demonstrated that Thaler had an ongoing relationship with the loan officer who worked with both of the purchasers in the two transactions at issue. Thaler's case is therefore directly analogous to *Schmuck.* Just as the resale of the cars was essential to Schmuck's scheme because he needed "to retain the custom and confidence of the retailers," *United States v. Slevin,* 106 F.3d 1086, 1090 (2d Cir.1996), here, a rational juror, considering the evidence in the light most favorable to the Government, could have inferred that Thaler's relationship with the loan officer meant that he could not afford to have the lender bear the loss of his fraudulent loan applications. Such a loss might have put the loan officer's employment in jeopardy, which, in turn, might have impaired his ability to procure fraudulent loans from the lender for his buyers. *See id.* at 1089–90. Consequently, the scheme contemplated by Thaler included the very kind of mailings here relied on by the Government.

*Third,* Thaler asserts that the district court erred in calculating the applicable range under the United States Sentencing Guidelines. An application of the Guidelines to the facts in a specific case is a mixed question of law and fact. *See United States v. Vasquez,* 389 F.3d 65, 75 (2d Cir.2004). To the extent we review a factual finding, review is for clear error, and to the extent we review or invoke a legal conclusion, review is *de novo.*

▬ The district court's finding that Thaler's fraudulent acts caused a loss between $200,000—$400,000 is not clearly erroneous. Nor did the court err in enhancing Thaler's base offense level both for violation of a judicial order and for abuse of a position of trust. The two enhancements address different harms: Thaler's abuse of his position of trust harmed those who were directly deceived by his having held himself out as a real estate attorney to advance his scheme, but his violation of the disbarment order not only harmed individuals involved in the transactions but also threatened the Appellate Division's supervisory authority over the bar. *See United States v. Maloney,* 406 F.3d 149, 153–54 (2d Cir.2005). The latter harm was "not addressed elsewhere in the guidelines." U.S.S.G. § 2B1.1(b)(7)(C) (2002). Finally, Thaler argues that the evidence is insufficient to support the district court's two-level enhancement for obstruction of justice. But the district court's recitation of the evidence in ruling that the obstruction enhancement applied—including quotations of transcript excerpts that Thaler does not here attempt to explain away—is plainly sufficient to meet the preponderance standard, Thaler's acquittal notwithstanding.

We have considered Thaler's remaining arguments regarding purportedly prejudicial statements by the district judge and the prosecutor and the reasonableness of his below-Guidelines sentence, and we find them without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.