[J-26-2015] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| RANDALL A. CASTELLANI AND JOSEPH J. CORCORAN, | : No. 117 MAP 2014 |
| | : |
| | : Appeal from the order of the Superior Court |
| Appellants | : at No. 907 MDA 2012 dated March 11, |
| | : 2014 affirming the order of the Lackawanna |
| | : County Court of Common Pleas, Civil |
| v. | : Division, at No. 2005 CV 69 dated August |
| | : 19, 2011. |
| | : |
| THE SCRANTON TIMES, L.P. T/D/B/A | : ARGUED:  April 8, 2015 |
| THE SCRANTON TIMES AND THE | : |
| TRIBUNE AND JENNIFER L. HENN, | : |
| | : |
| Appellees | : |

## CONCURRING AND DISSENTING OPINION

**MR. JUSTICE EAKIN**                                    **DECIDED:   October 27, 2015**

I agree with the Majority that Weaver v. Lancaster Newspapers, Inc., 926 A.2d 899 (Pa. 2007), imposed no requirement of verifiability, and that the judicial opinions are not inadmissible hearsay when offered solely to prove actual malice.  See Majority Slip Op., at 23-24.   All agree they are hearsay opinions about falsity and thus not admissible on the issue of falsity.  I dissent because I believe a limiting instruction is insufficient to ensure the jury will not consider these opinions as proof the publications were in fact false; it would be asking the impossible of jurors to do so, and thus, I find them unfairly prejudicial if admitted before the jury finds the articles are in fact false.

With all due respect to counsel's choice of trial strategy, that "right" is hardly sacrosanct or absolute, nor is it even remotely of constitutional magnitude.   There are always considerations that can cause counsel's plans to give way, particularly where

strategy confounds the prospects of a fair verdict — a fair trial must trump a lawyer's strategy every time. And there really is but one strategic reason to insist on introducing the opinions before proving the articles are false, and that reason is obvious — limiting instruction or no, judicial opinions saying the articles are false simply cannot be ignored by jurors who have the task of deciding whether those articles are false. No other reasonable strategic rationale appears, and it is a good strategy, for after having heard that evidence, can we honestly believe the jury could return with a verdict that says those judges lied, that despite what these judges said, the articles are <u>not</u> false?

The Majority states the proposed limiting instruction is sufficient to cure any unfair prejudice and preclude the jury from considering the opinions when determining falsity. <u>See</u> <u>id.</u>, at 26 ("[T]he potential for the jury to consider the judicial opinions for an improper basis … can be ameliorated by a limiting instruction to the jury that it alone must decide whether the Newspaper's articles were published with malice, and the judicial opinions were offered for the limited purpose of supporting [a]ppellants' claim in this regard.").

With all respect, in my view, this general notion of "amelioration by instruction" is unrealistic here. The evidence of malice and falsity cannot be sequestered by merely instructing the jury to ignore the judges' statements that the articles are false before deciding whether the articles are, in fact, false. <u>See</u> <u>generally</u> McCormick on Evidence § 59, at 408-09 (7th ed. 2013) ("Some hearsay problems cry out for the invocation of Rule 403. Assume that the proponent offers an out-of-court statement for a nonhearsay purpose but on its face the declaration asserts facts directly relevant to a critical issue in the case and the declarant would presumably have personal knowledge of the facts. Here common sense suggests that there is a grave risk that the jurors will misuse the testimony as substantive evidence.").

While jurors are <u>generally</u> presumed to follow a court's instructions, <u>Commonwealth v. Chmiel</u>, 30 A.3d 1111, 1147 (Pa. 2011) (citation omitted), the issue is whether McCormick's manifest "grave risk" should be ignored in this unique circumstance.  I simply cannot agree the jurors will be able to disregard statements made by two judges opining on facts that are required for the very basic determination the jurors are to make.  No matter the length or repetition of precise and completely understandable legal instructions, no matter the jurors' desire to abide thereby, we cannot unring this bell.  Do we really think the jurors will compartmentalize this manifestly pertinent evidence, turning a deaf ear and a blind eye to judicial statements, simply by telling them not to consider it?  Cf. <u>Nipper v. Snipes</u>, 7 F.3d 415, 418 (4th Cir. 1993) ("[J]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." (citations and internal quotation marks omitted)).  This is a prospect so unlikely that we should not give it our imprimatur.

The cure would not be complicated.   A simple bifurcated trial on the questions of malice and falsity would eliminate the fiction that a jury could disregard the inadmissible evidence.   That is, if the jury finds the articles were false, without hearing of the inadmissible judicial statements opining on falsity, that finding is fair; we are assured the prejudicial hearsay evidence was not considered.   Only then would <u>ex</u> <u>parte</u> opinions on falsity be given to them, as evidence unique to the second question, malice.   I view this as the best safeguard against unfair prejudice while providing appellants the latitude to present their case as they see fit.

For these reasons, I respectfully dissent.