Chief Justice SAYLOR,
concurring and dissenting.
I agree with the majority to the extent it holds that: (a) the Superior Court erred in distinguishing Weaver v. Lancaster Newspapers, Inc., 592 Pa. 458, 926 A.2d 899 (2007), from the present ease, see Majority Opinion, at 253-54, 124 A.3d at *257 1243-44; and (b) the opinions issued by Judges Garb and Feudale constitute relevant, non-hearsay evidence in relation to whether the Newspaper acted with malice. See id. at 255-56, 124 A.3d at 1244-45.
With that said, it is undisputed that these pronouncements are inadmissible hearsay in relation to the critical threshold issue of falsity. Moreover, they speak directly and forcefully to that very issue. That being the case, like Mr. Justice Eakin I disagree with the majority’s assessment that a cautionary instruction can effectively eliminate any undue prejudice stemming from exposure to these expressions. See Majority Opinion, at 256, 124 A.3d at 1245. That the statements are made by judicial officers only serves to compound their prejudicial effect as to falsity. See Concurring and Dissenting Opinion, at 259, 124 A.3d at 1247 (Eakin, J.) (citing Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir.1993)); Brief for Appellees at 34-35 (collecting cases); see also id. at 36 (arguing that “the likelihood that the jury will consider [the Garb and Feudale opinions] on the issue of falsity” creates a “substantial risk that the jury [will] decide [that issue] on an improper basis” (internal quotation marks and citation omitted)). Thus, I would ultimately conclude that under Rule 403 the opinions are inadmissible in a unified trial; short of that, and at a minimum, I would require that in addition to an appropriate limiting instruction, the identity and official title of the sources be redacted in any proceeding in which the foundational question of falsity is to be considered by the jurors.
I also tend toward Justice Eakin’s position that bifurcating the proceedings into falsity and malice stages would go a long way toward eliminating any unfair prejudice that the Newspaper would otherwise suffer from introduction of the judicial opinions. Notably, however, the question is not squarely before this Court in the present appeal.[1] Therefore, were my *258 position to prevail I would leave it to the parties to request bifurcation.

. The bifurcation issue was presented to the Superior Court in a separate interlocutory appeal, albeit the intermediate court chose not to address its merits due to its resolution of a distinct question involved in that appeal. See Castellani & Cocoran v. Scranton Times, L.P., No. 1145 MDA 2012, slip op. at 34, 105 A.3d 29 (Pa.Super. June 10, 2014). Appellants petitioned for discretionary review in this Court, and we held the petition pending our disposition in the present appeal. See *258 Castellani v. Scranton Times, L.P., No. 477 MAL 2014, Unpublished Order (Pa. Oct. 15, 2014) (per curiam); Majority Opinion, at 241 n. 7, 124 A.3d at 1236 n. 7.